# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-525-FDW
# (3:03-cr-36-FDW-9)

| | |
|---|---|
| JAMAR BRICE, | )<br>) |
| Petitioner, | )<br>) |
| v. | )     **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed, and his alternative claims for relief under 28 U.S.C. § 2241, and pursuant to petitions for writs of *coram nobis* and *audita querela* will be denied.

## I.  BACKGROUND

On June 30, 2005, Petitioner was convicted of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (3:03-cr-36, Doc. No. 192: Judgment in a Criminal Case at 1-2).[1] Petitioner was sentenced to an active term of 204-months' imprisonment. Petitioner did not file a direct appeal from this criminal judgment.

---

[1] Following his indictment, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner of its intention to seek enhanced penalties based on three alleged felony drug convictions in North Carolina: two counts of possession with intent to sell and deliver cocaine in 1999 and 2000, and one count of possession with intent to sell and deliver cocaine in 2001. (Doc. No. 84).

1

On August 17, 2012, Petitioner, through counsel, filed the present motion under Section 2255 contending that prior felony drug convictions, which were noticed by the Government under Section 851, no longer qualify as proper, predicate felonies based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (3:12-cv-525, Doc. No. 1 at 1).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

A.  Section 2255 Motion

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was entered on June 30, 2005, making his judgment final in July 2005, or over seven years prior to the filing of this Section 2255 motion. The Court finds that Petitioner's Section 2255 motion is untimely because he cannot meet any of the above provisions under § 2255(f). Further, the Court finds that Petitioner is not entitled to equitable tolling because he does not present a meritorious claim for relief based on current Fourth Circuit precedent discussed below.

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The Fourth Circuit, in an opinion filed three days after Petitioner filed the present

3

motion, held that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and its en banc opinion in Simmons were not retroactive to cases on collateral review. See United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Powell, 691 F.3d 554 (4th Cir. 2012)); see also United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). These holdings preclude relief in this Section 2255 proceeding.[2]

B. Coram Nobis

Petitioner has also pled alternative claims for relief pursuant to a motion filed under 28 U.S.C. § 2241, and through the filing of petitions for a writ of *coram nobis* and *audita querela*. Relief pursuant to a petition for a writ of *coram nobis* should be limited to petitioners that are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ is available to persons not held in custody [to] attack a conviction for fundamental defects, such as ineffective assistance of counsel."). Petitioner is still in custody therefore he should not be allowed to attack his criminal judgment through this writ. Second, relief under a theory of *coram nobis* is an "'extraordinary' remedy that is relied upon to correct errors of the most fundamental character that rendered the underlying proceeding invalid when no other alternative remedy is available." United States v. Akinsade, 686 F.3d 248, 260 (4th Cir. 2012) (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).

---

[2]The Fourth Circuit's en banc decision in Simmons was reached through the majority's interpretation of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant.

4

Petitioner filed a motion under Section 2255 in an effort to correct or set aside his sentence based on his contention that his prior drug convictions no longer qualify to support the finding that he was a career offender. In Powell, the Court specifically held that the rule announced in Carachuri "is best understood as articulating a procedural rule rather than a substantive one." Powell, 691 F.3d at 558. The Court found that "[b]ecause the sole innovation of Carachuri relates to 'the manner of determining' the potential punishment for an offense based on the facts disclosed by the judicial record, it is a quintessential procedural rule." Id. at 559 (internal citations omitted). As noted, the Court then held that the rule in Carachuri and in Simmons is not retroactive to cases on collateral review. It would seem to follow, then, that Petitioner cannot first fail in a Section 2255 proceeding, and then seek alternative relief under an alternative avenue such as a writ of *coram nobis*.

In seeking relief pursuant to a writ of *coram nobis* under the All Writs Act, see 28 U.S.C. § 1651(a), "the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). Establishing a right to relief under this writ presents a substantial burden, "described by some jurists as exceeding that of an ordinary habeas petitioner." Akinsade, 686 F.3d at 261 (Traxler, C.J. dissenting) (citing United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989)). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle, 517 U.S. at 429.

The Court finds that Petitioner was able to present a challenge to his sentence pursuant to the provisions of Section 2255. That he was unsuccessful before this Court under § 2255 does not open the door for *coram nobis* relief. See, e.g., United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) ("We follow the Second Circuit, which, in an opinion by Judge Friendly, has

5

specifically allowed the granting of a writ of error *coram nobis* in light of a retroactive dispositive change in the law . . ." ) (citing United States v. Travers, 514 F.2d 1171 (2d Cir. 1974)).

Petitioner's sentence was handed down under the law as it existed under Harp, and the holdings in Carachuri and Simmons have not been made retroactive which should lead to the conclusion that his prior convictions were properly considered felonies at the time he was sentenced.[3] Accordingly, this petition will be denied.

C. Audita Querela

Next the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2012)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1982) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255). This petition will be denied.

D. Section 2241

Petitioner has also filed for relief under 28 U.S.C. § 2241. A petitioner seeking to attack

---

[3]The Court further notes that Petitioner should not be entitled to relief under a writ of *coram nobis* because his sentence of 204-months was well within the maximum sentence as authorized under 21 U.S.C. § 841(a), with or without consideration of the prior state drug convictions. The penalty provision applicable to § 841(a) provides that upon conviction the defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. § 841(b). See 28 U.S.C. § 2255(a) (petitioner may challenge a sentence on the ground that it "was in excess of the maximum authorized by law."

his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34.

In the present case, Petitioner does not challenge the legality of his conviction, rather he challenges his sentence based on prior drug convictions which he contends are no longer properly considered for sentencing enhancement. As Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. Moreover, as the Court has observed, without consideration of the prior drug convictions, Petitioner was still sentenced to a term of imprisonment within the maximum. For these reasons, Petitioner's Section 2241 motion will be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1).

2. Petitioner's motion for relief pursuant to 28 U.S.C. § 2241 is **DENIED**.

3. Petitioner's petitions for writs of *coram nobis* and *audita querela* are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 26, 2012

Frank D. Whitney
United States District Judge